**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ROBERT ROSSA,                                )
                                             )
        Plaintiff,                           )
                                             )
    vs.                                      )    Case No. 4:26-CV-00538 HEA
                                             )
JUSTICE CENTER MEDICAL, et al.,              )
                                             )
        Defendants.                          )

<u>**OPINION, MEMORANDUM AND ORDER**</u>

This matter is before the Court on the self-represented Plaintiff Robert Rossa's Application for Leave to Proceed in District Court Without Prepaying Fees or Costs, his Motion for Appointment of Counsel and his Motion for Temporary Restraining Order. [ECF Nos. 6, 7 and 9]. Having reviewed the Application to Proceed in District Court Without Prepaying Fees and Costs, the Court will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's Motions for Temporary Restraining Order and Appointment of Counsel will be denied without prejudice. [ECF Nos. 6 and 9]. Additionally, because Plaintiff's allegations fail to state a claim at this time, Plaintiff will be required to submit a Second Amend Complaint on a Court-provided form within 30 days of the date of this Opinion, Memorandum and Order.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a certified prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a certified copy of his prison account statement in support of his claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint and Amended Complaint

Plaintiff Robert Rossa, an inmate incarcerated at St. Louis City Justice Center, brings this action pursuant to 42 U.S.C. § 1983 against an entity he refers to as Justice Center Medical and Nurse Practitioner Jennifer Burns. [ECF No. 5 at 2]. Plaintiff reports that in August of 2024, he was hit by a car while he was riding his bike. At the time he was on his way to a court proceeding, where he was ultimately arrested for an outstanding warrant. *Id*. at 5. Although Plaintiff informed the deputies who took him to jail at the St. Charles County Detention Center that he had just been hit by a car, he was not taken for medical care at that time. *Id*. Plaintiff states that it wasn't until approximately 18 months later that he received a head x-ray which revealed a skull fracture. *Id*.

3

Plaintiff alleges that the accident caused injuries to his jaw, pushing his upper teeth toward the right side of his mouth. *Id*. He asserts that he started asking unnamed people for softer food and liquefying foods he was given. *Id.* at 6. However, it is unclear if this occurred during his incarceration in St. Louis City Justice Center, where he is currently located, or in St. Charles County Detention Center, where he was previously incarcerated.

Plaintiff states that at the St. Louis City Justice Center, an unnamed doctor and Nurse Practitioner Jennifer Burns believed that he was unable to eat due to "bad teeth" or because he had mercury fillings in his teeth. *Id.* at 5-6. It appears that medical providers at St. Louis City Justice Center appeared to treat his teeth issues by having him see a dentist. Plaintiff states that he saw the dentist to have his teeth checked in 2025, but he did not have any cavities. *Id.* at 5. However, it is unclear if Nurse Burns continued to pursue reviewing this medical line of questioning relating to Plaintiff's inability to eat or not.

Nevertheless, Plaintiff complains that Nurse Burns refused to change his diet to a soft food diet when he sought one. However, he has failed to state why his request was refused by Nurse Burns or when exactly he made the request. Plaintiff has also failed to indicate if he requested a soft food diet from food service personnel or other medical personnel. Plaintiff complains that due to his injuries to his teeth and his inability to eat, he lost approximately 30 pounds. *Id.* at 6. Plaintiff has failed to provide the Court with the time period during which this occurred.

Plaintiff was given x-rays on his head, knees and hands between September and October of 2024, presumably during his incarceration at the St. Louis City Justice Center, and he was told by Nurse Burns that the x-rays were normal. *Id.* However, Plaintiff claims that Nurse Burns lied to him and that his head x-ray showed a skull fracture, as evidenced by the one he received

4

approximately 4 weeks prior to the filing of his Complaint.[1] *Id.*  Despite the skull fracture and the issues with his bite/teeth, Plaintiff was only given Vitamin D3 and Calcium, along with an 8 mg Suboxone prescription. *Id.* at 6-7. Plaintiff, however, has failed to indicate why exactly he was prescribed Suboxone at the Justice Center, or if it was due to an Opioid Use Disorder. The Court takes judicial notice that Suboxone is most often taken for an Opioid Use Disorder.

Plaintiff states that he was initially prescribed 24 mg of plain Buprenorphine (known as "Subutex")[2] by Dr. Nolan "in the field." *Id.* at 8. It appears that Plaintiff is referring to a period of homelessness prior to his incarceration. He states that he was on this medication for several years. But again, he fails to indicate why the medication was initially prescribed. He complains that Nurse Burns changed the medication to Suboxone at the Justice Center, at a much lower dose, which he says causes "nasty side effects" such as tooth decay. *Id*. at 9. He claims that he is in fear of "relapsing" and death. *Id.*  Plaintiff seeks damages and injunctive relief in this action against Defendant.

In his Motion for Temporary Restraining Order attached to his Amended Complaint, Plaintiff asks that the Court stop Nurse Burns from harming his physical and mental health by substituting his prescribed Opioid Use Disorder treatment. He states that the 8 mg dose of

---

[1] It appears that Plaintiff was provided the most recent head x-ray because he was attacked by another inmate in July of 2025 when leaving court. [ECF No. 5 at 7]. Plaintiff claims that he was taken to St. Louis University Hospital for medical treatment after the attack where he received a CT scan. *Id*. He states, "but somehow it got mixed up and they tried to treat me for broken nose it took me 8-9 months to get new x-ray from Justice Center Medical."

[2] Subutex is an opioid agonist. The main difference between Suboxone and Subutex is that Suboxone contains both Buprenorphine and Naloxone whereas Subutex contains only Buprenorphine. Naloxone is a life-saving medication that rapidly reverses an opioid overdose.

Suboxone is causing tooth decay, discoloration of his front teeth, headaches and prostate difficulties.

### Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). The Court notes that he first brings claims against an entity he refers to as "Justice Center Medical." Municipal departments or divisions cannot be held liable under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of local government are "not juridical entities suable as such" under § 1983). Thus, to the extent Plaintiff is attempting to state a claim against the St. Louis City Justice Center, or its medical entity, he is unable to do so.

A governmental entity like St. Louis City can be sued directly under 42 U.S.C. § 1983. *See Monell*, 436 U.S. at 690. Liability under § 1983 may attach if the constitutional violation resulted from (1) an official policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.,* 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has failed to allege that he was denied medical care because of an official St. Louis City policy, an unofficial St. Louis City custom or a deliberate failure to train a specific official at St. Louis City Justice Center. Accordingly, he has not stated a *Monell* violation against St. Louis City.

6

The Court next addresses his claim against Nurse Burns due to her failure to provide the Subutex instead of the Suboxone he is currently receiving. The Fourteenth Amendment's Due Process Clause is used to evaluate a pretrial detainee's claims of deliberate indifference to his serious medical needs, whereas the Eighth Amendment is used to evaluate claims of convicted prisoners. *See Stearns v. Inmate Servs. Corp.,* 957 F.3d 902, 906 (8th Cir. 2020) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). However, this distinction makes little difference as a practical matter, because the same standard is applied. *Kahle v. Leonard*, 477 F.3d 544, 550 (8th Cir. 2007) ("Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment."); *see also Vaughn v. Greene County*, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim). To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

Plaintiff is unable to state a claim against Nurse Burns for failing to provide him with the medication Subutex instead of Suboxone because inmates have no constitutional right to receive a particular or requested course of treatment, and prison medical providers remain free to exercise their independent medical judgment. *See Dulany*, 132 F.3d at 1239.

7

To the extent Plaintiff is attempting to assert a claim, however, for a soft food diet due to problems with his teeth, which purportedly caused his weight loss, Plaintiff has failed to provide enough information in his Amended Complaint to state a claim for relief with regards to this claim. Liability in a 42 U.S.C. § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). *See also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights); and *Love v. Schoffman*, 142 Fed. Appx. 278, 279 (8th Cir. 2003) (affirming pre-service dismissal under 28 U.S.C. § 1915 because the complaint, among other infirmities, "did not specify which of the many named defendants was responsible for each of the alleged harms").

Plaintiff has not provided enough information in the Amended Complaint relating to his weight loss and his requests for the soft food diet to state a claim at this time. For example, it is unclear over what time Plaintiff lost the 30 pounds and if he was incarcerated at St. Louis City Justice Center during this time. Plaintiff has also failed to indicate if he told Nurse Burns when he was first unable to eat that he needed the soft food diet and why, and if she began pursuing medical pursuits at that time, such as having him see a dentist or try other medical procedures. Plaintiff has also not indicated if he pursued his request for a soft food diet with food or dietary personnel at

8

the Justice Center, or with medical personnel other than Nurse Burns or with corrections personnel. Last, Plaintiff has failed to indicate if he is still losing weight and in need of a soft food diet.

For these reasons, the Court will provide Plaintiff with an opportunity to amend his pleading on a Court-provided form, as set forth below. He should take care when doing so to set forth whether he is suing Defendants in their individual or official capacities, or both.

### Instructions for Filing a Second Amended Complaint

The Court will order Plaintiff to file a Second Amended Complaint on a Court-provided Prisoner Civil Rights Complaint Form within 30 days of the date of this Opinion, Memorandum and Order. After Plaintiff submits his Second Amended Complaint, the pleading will be reviewed for failure to state a claim, frivolousness and maliciousness.

Plaintiff is warned that the filing of his Second Amended Complaint **completely replaces** his original Complaint and the Amended Complaint and so it must include all claims he wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from his original Complaint or Amended Complaint that are not included in his Second Amended Complaint will be deemed abandoned and will not be considered. *Id*.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and the facts supporting his claims as to each named

9

defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the Defendant or Defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the Defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each Defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a Defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing the first Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth the specific facts supporting his claim or claims against that Defendant, as well as the constitutional right or rights that Defendant violated. If Plaintiff is suing more than one Defendant, he should proceed in the same manner with each one, separately writing each individual Defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that Defendant and the constitutional rights violated. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's failure to make specific factual allegations against any Defendant will result in that Defendant's dismissal. Furthermore, the Court emphasizes that the

"Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a Defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the Defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of Defendants (like Justice Center Medical) and make general allegations against them. Instead, Plaintiff must explain the role of each Defendant so that each Defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to submit his Second Amended Complaint on the Court form within 30 days, the Court will dismiss this action without prejudice and without further notice.

## Motion for Temporary Restraining Order

Plaintiff requests a Motion for Temporary Restraining Order as part of his Amended Complaint and by separate Motion. *See* ECF No. 5; ECF No. 9. As set forth above, he is seeking a Court Order requiring Nurse Burns to change his medication from Suboxone to Subutex. After reviewing Plaintiff's requests for restraining order, the Court denies the requests, without prejudice.

In determining whether to grant such relief, the Court considers: (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits;

11

and (4) the public interest.  *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 113 (8th Cir. 1981).

As currently pled, Plaintiff has not established a threat of irreparable harm. In Plaintiff's Amended Complaint, he asserts that when he was not incarcerated he was receiving a medication called Subutex, but when he entered the Justice Center, Nurse Burns changed the medication to Suboxone. He seeks an Order from the Court requiring Nurse Burns to change the medication back to Subutex. He asserts that Suboxone is causing tooth decay, discoloration of his front teeth, headaches and prostate difficulties.

Plaintiff has not demonstrated that the alleged deprivations will cause harm that is certain, great, and imminent. *See Roudachevski v. All-American Care Centers, Inc.,* 648 F.3d 701, 706 (8th Cir. 2011). Moreover, Plaintiff has not made a sufficient showing of likelihood of success on the merits because inmates have no constitutional right to receive a particular or requested course of treatment, and prison medical providers remain free to exercise their independent medical judgment. *See Dulany*, 132 F.3d at 1239. Additionally, this case has not yet been served on Defendants and remains subject to initial review. *See Mod. Computer Sys., Inc. v. Mod. Banking Sys., Inc.,* 871 F.2d 734, 738 (8th Cir. 1989) (en banc). The remaining factors—the balance of harms and the public interest—do not independently weigh in Plaintiff's favor on the present record. The Court therefore denies Plaintiff's request for restraining order without prejudice.

**Motion for Appointment of Counsel**

Plaintiff has filed a Motion for Appointment of Counsel. [ECF No. 6]. In his Motion for Appointment of Counsel, Plaintiff claims that he needs assistance representing himself because he has carpal tunnel in both of his hands and he has memory issues. However, he has taken copious

notes relative to his conversations with medical personnel at the St. Louis City Justice Center and provided those notes to this Court. *See* ECF No. 10. Further, although he has carpal tunnel, the Court has been able to read his handwriting on every document submitted to the Court. Thus, his Motion for Appointment of Counsel will be denied at this time.

In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors from *Patterson* and *Phillips*, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

13

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial filing fee of $1.00 within 30 days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a copy of the Prisoner Civil Rights Complaint form. When filling out his form, Plaintiff shall make sure he designates, for each separate Defendant, the capacity under which he is suing the Defendant.

**IT IS FURTHER ORDERED** that within 30 days of the date of his Opinion, Memorandum and Order, Plaintiff must submit a Second Amended Complaint on the Court-form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order [ECF No. 9] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Ruling on his Motion for Temporary Restraining Order [ECF No. 10] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel [ECF No. 6] is **DENIED without prejudice**.

Dated this 15th day of May, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

14